ANDREE & SEEDMAN, Inc., et al. v. ADMINISTRATOR OF WAGE AND HOUR DIVISION OF UNITED STATES DEPARTMENT OF LABOR.

No. 7715.

United States Court of Appeals for the District of Columbia.

Decided June 30, 1941.

---

Isidor E. Schlesinger, of New York City (Ludwig Teller, Leon Singer and Henry J. Krinsky, all of New York City, on the brief), for petitioners.

Irving J. Levy, Asst. Sol., and Jacob D. Hyman, Atty., both of Washington, D. C. (Gerard D. Reilly, Sol., Louis P. Haffer, and Erwin B. Ellmann, Attys., United States Department of Labor, all of Washington, D. C., on the brief), and Robert S. Erdahl and David Cobb, both of Washington, D. C., for respondent.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

VINSON, Associate Justice.

This is a proceeding to set aside those, wage orders for the Apparel Industry

which affect the Infants' and Children's Outerwear manufacturers. These wage orders came out of the same administrative proceeding that was discussed in the Southern Garments case[1] decided this day. These petitioners likewise contended that the Administrator illegally delegated his responsibility of presiding at the hearing. For our answer to this contention see the discussion on this issue in that case.[2]

## I. *Representation.*

■ Petitioners contend that the absence of an Infants' and Children's Wear Industry representative on the Committee violated section 5(b) of the Fair Labor Standards Act. The pertinent words are, "It [the industry committee appointed by the Administrator] shall include a number of disinterested persons representing the public, * * * a like number of persons representing employees in the industry, and a *like number representing employers in the industry.*"[3] (Italics supplied). By Section 3(h) industry includes a "branch thereof, or group of industries".[4] Thus the simple juxtaposition reads, "a like number representing employers in the group of industries." There were 48 members on the committee; sixteen of them representing employers. These sixteen men were severally engaged in 12 of the 25 separate industries in the group. There were, then, 12 industries which had no employer representation on the committee personally engaged in the production of their apparel (besides the petitioners), but the 13 industries as well as the other 12 had 16 representatives of "the industry" as a whole and this was in compliance with the statute.

It is difficult to understand petitioners' contention. While this point in their brief is stated in terms of violation of the statutory provisions, midway in the development appears this statement, "The right to actual and not merely theoretical representation is a rudiment of the guaranty of due process." This can scarcely mean that every industry is entitled to a representative. We outgrew the town hall a decade or so ago. It more probably means that in form there was representation but actually there was not. There is no showing that

these 16 committee members did not regard or conduct themselves as representatives of the whole group. In fact the petitioners refused to submit evidence in their possession that would help the committee take into account the problems of the Infants' and Children's Wear Industry. Any further discussion of this matter is more pertinent to the next issue raised by the petitioners.

## II. *Compliance with the Standards of Section 8(b).*

■ Petitioners contend that the subcommittee, the Committee, and the Administrator did not comply with the standards of § 8(b).[5] At the outset it should be pointed out that an allegation that the subcommittee did not comply with the statutory standards, like any allegation concerning its composition, or any other allegation respecting it, is irrelevant. The statute lays down no standards for the subcommittee. In fact the only reference to it in the statute which occurs in § 8(b), is as follows: " * * * the committee, or *any authorized subcommittee thereof,* may hear such witnesses and receive such evidence as may be necessary or appropriate to enable the committee to perform its duties and functions under this chapter." (Italics supplied). Thus, the statute says nothing about the subcommittee's make-up, its method of operation, or what it must adduce or consider. Obviously the subcommittee is not an integral part of the statutory machinery; it has no voice of its own; it is rather an instrument, an arm, of the committee to be used when it will facilitate the work.

■ We come then to the issue of whether the Administrator and the Committee complied with the statutory standards of § 8(b). The petitioners claim that the Administrator and the committee did not inasmuch as they failed to give any consideration to problems of overlapping, marketing, distribution, and home production competition. A failure to consider overlapping problems here means that wage orders applicable to, and economic circumstances in, related industries were not taken into account.

---

[1] Southern Garment Manufacturers Ass'n, Inc., et al. v. Philip B. Fleming, Administrator, Wage & Hour Divn., Dept. of Labor, —— App.D.C. ——, 122 F.2d 622.

[2] See Topic I—Appointment of the Presiding Officer

[3] 29 U.S.C.A. § 205(b).

[4] 29 U.S.C.A. § 203(h).

[5] 29 U.S.C.A. § 208(b) and compare § 208(d).

The way to discover whether the Administrator and the committee complied with the standards of § 8(b) is to see exactly what those standards are. The committee is to recommend and the Administrator is to adopt the highest minimum wage which, "having due regard to economic and competitive conditions, will not substantially curtail employment in the industry." Thus these two bodies are to consider economic conditions, competitive conditions, and the curtailment of employment. There is no mention, for example, of home production.

This does not mean that home production is irrelevant. And probably an almost innumerable list of items relevant to economic and competitive conditions can be compiled. But the statute does not itemize these for consideration. It does not require a finding on each of these supposititious factors.

■ At this point it should be remembered that it is only the record made before the Administrator that has to support the agency's action. It is this hearing that has the primary significance in ascertaining whether the rudiments of a proper procedure were followed.[6] It is the evidence adduced at this hearing that must support the findings. It is this record that is open to judicial scrutiny. The committee must consider certain factors but the statute requires no particular method of procuring evidence or any set type of procedure. It is the hearing and the argument before the Administrator that gives each interested party his complete safeguards.

■ There is no doubt that the Administrator must admit all evidence offered on all relevant items. He must weigh such evidence. And thus it is considered in the final judgment. But if some supposititious relevant item were overlooked by the interested parties, the committee, and the Administrator all the way through the administrative proceeding, that would not invalidate the wage order at the time of judicial review.

The facts of this case make an even clearer illustration. During the deliberations of Industry Committee No. 2 and its subcommittees, a representative of petitioners requested the Committee to recommend the severance of their industry from the Committee's jurisdiction. This problem was considered by a specially appointed subcommittee and it recommended that the Committee disapprove the request. The Committee unanimously approved the Subcommittee's report.

The Committee asked this representative of petitioners to submit whatever evidence he had for its consideration in establishing its recommendations on wage orders which would affect petitioners. This request was refused because the representative believed that it would prejudice its right to be considered as a separate industry.

Again, in the hearing before the Administrator this representative argued that petitioners should be regarded as a separate industry and chose to call no witnesses or offer any evidence on behalf of petitioners. Petitioners were free to offer evidence which might have been pertinent to the problems of overlapping, marketing, distribution, and home production competition, the factors which they now contend were not considered and therefore they conclude that the administrative proceeding did not comply with the statutory standards.

■ The statute, however, simply requires a consideration of the economic, competitive, and employment factors. These over all factors must be considered, findings made on them, and a judgment reached. All relevant evidence adduced on these factors has a place in the record. But the Administrator is not required to say I have considered home production (or any other conceivable relevant item) and I make this finding upon it, much less being under the duty of sua sponte digging up evidence on every possible pertinent matter.

■ So when the factors mentioned by the statute have been considered, findings made, and an overall judgment reached, and the petitioners grant that there is supporting substantial evidence in the record, and do not show that the evidence that is in the record was not weighed, they make no issue by saying that a specific relevant item x was not considered. Petitioners are trying to establish the proposition that notwithstanding their refusal to cooperate and to bring forth all relevant evidence,

[6] Opp Cotton Mills v. Administrator, 312 U.S. 126, particularly 152, 154, 61 S.Ct. 524, 85 L.Ed. 624. What was said by the Supreme Court in respect of the nature of the Committee proceedings is even stronger in its application to the work of the subcommittee.

the failure of the Administrator to dig out all the facts, will justify them in coming forward and saying that such and such sub-subsidiary item, which in truth may be relevant but is not expressed as a factor to be considered by the statute, was overlooked, and therefore the wage order must fall. That is not what complying with a statute that requires the consideration of enumerated factors means.

We believe this answers the pith of petitioners' contentions. We find no merit in any of the more detailed or rephrased contentions.

Affirmed.